UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CEDRIC GREENE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:25-cv-00586-CDP |
| | ) |
| FIRST TO SERVE, INC., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of self-represented plaintiff Cedric Greene for leave to commence this civil action without prepayment of the required filing fee. Plaintiff's motion will be granted. Additionally, for the reasons discussed below, this case will be dismissed for lack of proper venue.

**Background**

Since March 10, 2025, plaintiff has filed a total of nineteen (19) cases in this Court, thirteen (13) of which have already been dismissed. *See Greene v. Rite Aid – Culver City*, No. 4:25-CV-300-SRW (E.D. Mo. filed Mar. 10, 2025, dismissed Mar. 27, 2025); *Greene v. Dudek*, No. 4:25-CV-270-SRW (E.D. Mo. filed Mar. 5, 2025); *Greene v. Weingart Care First Village*, No. 4:25-CV-304-RWS (E.D. Mo. filed Mar. 11, 2025, dismissed Mar. 31, 2025); *Greene, et al. v. MV Transportation*, No. 4:25-CV-312-SPM (E.D. Mo. filed Mar. 12, 2025, dismissed Apr. 9, 2025); *Greene v. Astrana Health*, No. 4:25-CV-323-SRC (E.D. Mo. filed Mar. 13, 2025); *Greene v. Access Services, Inc.*, No. 4:25-CV-334-SPM (E.D. Mo. filed Mar. 18, 2025, dismissed Mar. 28, 2025); *Greene v. 430 South Los Angeles Street, LLC*, No. 4:25-CV-341-RWS (E.D. Mo. filed Mar.

19, 2025, dismissed Mar. 31, 2025); *Greene v. Weingart Care First Village*, No. 4:25-CV-366-SRW (E.D. Mo. filed Mar. 22, 2025, dismissed Mar. 31, 2025); *Greene, et al. v. Weingart Care First Village*, No. 4:25-CV-385-JSD (E.D. Mo. filed Mar. 26, 2025, dismissed Apr. 8, 2025); *Greene v. LA Care Health Plan*, No. 4:25-CV-413-RHH (E.D. Mo. filed Mar. 30, 2025, dismissed Mar. 31, 2025); *Greene v. Garland County, Arkansas*, No. 4:25-CV-426-SRW (E.D. Mo. filed Apr. 1, 2025); *Greene v. Salvation Army Bell Shelter*, No. 4:25-CV-432-ACL (E.D. Mo. filed Apr. 2, 2025); *Greene, et al. v. United States Postal Service*, No. 4:25-CV-451-RWS (E.D. Mo. filed Apr. 4, 2025, dismissed Apr. 14, 2025); *Greene v. LA Care Health Plan*, No. 4:25-CV-479 HEA (E.D. Mo. filed Apr. 9, 2025, dismissed Apr. 10, 2025); *Greene, et al. v. Price Self Storage West LA LLC,* No. 4:25-CV-492 MTS (E.D. Mo. filed Apr. 12, 2025); *Greene, et al. v. United States of America*, No. 4:25-CV-507 SRW (E D. Mo. filed Apr. 15, 2025); *Greene v. Access Services, Inc.,* No. 4:25-CV-545 SPM (E.D. Mo. filed Apr. 19, 2025); *Greene v. Pacific Shore Property Mgmt.*, No. 4:25-CV-555-CDP (E.D. Mo. filed Apr. 22, 2025, dismissed Apr. 23, 2025); and *Greene v. Next Door Med. Network, Inc.*, No. 4:25-CV-568-SRW (filed Apr. 24, 2025).

The Court is aware that several other federal courts have imposed filing restrictions on plaintiff. *See Greene v. Sprint Nextel Corp.*, 2018 WL 4520112, at *4 & n.3 (10th Cir. Sept. 20, 2018) (noting filing restrictions imposed in the Tenth Circuit, Ninth Circuit, District of Kansas, District of Utah, Central District of California, and District of Nevada). In 2024, it was estimated that plaintiff had filed more than three hundred cases in federal courts throughout the country. *See Greene v. United States*, 169 Fed. Cl. 334, 339 (2024), *appeal dismissed*, No. 2024-1475, 2024 WL 2239024 (Fed. Cir. May 17, 2024).

## The Complaint

Plaintiff brings this action against the First to Serve homeless shelter located in Los Angeles, California. Plaintiff states that on July 7, 2020, while living at First to Serve, another resident attacked him and he defended himself. In response, First to Serve discharged plaintiff late that afternoon. First to Serve did not refer plaintiff to another bed in another homeless shelter, rather they discharged him from their homeless program out onto the street.

## Discussion

The Court has carefully reviewed the instant complaint and determined plaintiff has not carried his burden of establishing venue is proper in the Eastern District of Missouri. The general venue provisions of 28 U.S.C. § 1391 provide the basis for determining the proper venue for plaintiff's claims. Pursuant to 28 U.S.C. § 1391(b), a civil action may be brought in: (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought, any judicial district in which any defendant is subject to the Court's personal jurisdiction. Both plaintiff and defendant reside in Los Angeles, California, which is in the Central District of California.

Under 28 U.S.C. § 1406(a), when a case is filed in a district where venue is not proper, the District Court can either dismiss the action, or if it is in the interest of justice, the Court can transfer the case to any district or division in which it could have been brought. In this case, it does not appear to be in the interest of justice to transfer this case to California federal court where this action should have been brought because plaintiff must first comply with the filing restrictions in

the California federal courts. *See e.g., Greene v. Price Self Storage W. LA, LLC*, 2022 WL 2333675, at *1 (E.D. Cal. June 28, 2022) (Plaintiff is subject to certain filing restrictions due to his status as a "vexatious litigant" under the local rules of E.D. Cal.). As such, the Court will dismiss this action for lack of proper venue.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that this action is **DISMISSED for lack of proper venue**. *See* 28 U.S.C. §§ 1391, 1406(a).

An Order of Dismissal shall be filed with this Memorandum and Order.

Dated this 2nd day of May, 2025.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE